# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

U.S.A. vs. Robert S. Neillsen                                   Docket No.  5:96-CR-66-1BR

### Petition for Action on Supervised Release

COMES NOW Maurice J. Foy, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Robert S. Neillsen, who, upon an earlier plea of guilty to Receiving or Distributing Child Pornography in Interstate Commerce, 18 U.S.C. § 2252; Reproducing or Distributing Child Pornography in Interstate Commerce, 18 U.S.C. § 2252; and Criminal Forfeiture, 18 U.S.C. § 2253, was sentenced by the Honorable W. Earl Britt, Senior U.S. District Judge, on December 2, 1996, to the custody of the Bureau of Prisons for a term of 120 months custody. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall not incur new credit charges or open additional lines or credit without approval of the probation office.

2. The defendant shall provide the probation office with access to any requested financial information.

3. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

4. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

5. The defendant shall have no contact with his children without the express permission of the Court. Furthermore, any contact shall be supervised at all times.

6. The defendant shall have no unsupervised contact with any child under the age of 16.

On September 29, 1998, the defendant's Judgment and Commitment was amended.

Mr. Neillsen is currently in New York State custody completing his custodial sentence for a sex crime he committed.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Upon the defendant's release from New York State Prison, his New York parole term and federal supervised release will commence in the Eastern District of New York (ED/NY) . The probation office in the ED/NY presented the defendant with a Waiver of Hearing, to include additional supervised release conditions they believe will assist the defendant in completing his term of supervised release. The defendant signed the Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant is not to use a computer, Internet capable device, or similar electronic device to access pornography of any kind. The term "pornography" shall include images or video of adults or minors engaged in "sexually explicit conduct" as that term is defined in Title 18, United States Code, Section 2256(2). The defendant shall also not use a computer, Internet capable device or similar electronic device to view images of naked children. The defendant shall not use his/her computer to view pornography or images of naked children stored on related computer media, such as CD's or DVD's, and shall not communicate via his computer with any individual or group who promotes the sexual abuse of children. The defendant shall also cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate our department's ability to effectively monitor his Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, similar electronic devices, and related computer media, such as CD's, under his control.

2. The defendant will not associate with any child(ren) under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department.

3. If the defendant cohabitates with an individual who has minor children, the defendant will inform that other party of his prior criminal history concerning his sex offense. Moreover, he will notify the party of his prohibition of associating with any child(ren) under the age of 18, unless a responsible adult is present.

4. The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a "reasonable time and in a reasonable manner".

5. The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he or she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in a polygraph examination(s) to obtain information necessary for risk management and correctional treatment.

6. The defendant shall not have contact with the victims of his sex offense(s). This means that he shall not attempt to meet in person, communicate by letter, telephone, email, the Internet, or through a third party, without the knowledge and permission of the Probation Department.

Robert S. Neillsen
Docket No. 5:96-CR-1BR
Petition For Action
Page 4

7. For a period up to 180 days, the defendant shall reside in a Residential Re-Entry Center (RRC), approved by the Probation Department. While in the RRC, the defendant shall adhere to all rules and conditions established by the RRC, including the payment of subsidence costs. If the defendant establishes a stable residence that is approved by the Probation Department during this 180 day period, the defendant is to be released from the RRC and this condition shall be considered satisfied.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/Jeffrey L. Keller | /s/Maurice J. Foy |
| Jeffrey L. Keller | Maurice J. Foy |
| Supervising U.S. Probation Officer | Sr. U.S. Probation Officer |
| | 310 New Bern Avenue, Room 610 |
| | Raleigh, NC 27601-1441 |
| | Phone: (919) 861-8660 |
| | Executed On: January 16, 2015 |

## ORDER OF COURT

Considered and ordered this   21   day of   January  , 2015, and ordered filed and made a part of the records in the above case.

_____  *[signature]*
W. Earl Britt
Senior U.S. District Judge